**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
225 Liberty Street, 36th Floor
New York, New York 10281
(212) 483-9490
*Attorneys for Plaintiff,*
*Illinois Union Insurance Company*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No.: 21-cv-1170 |
| v. | **COMPLAINT** |
| BARUCH SINGER; BOND DOWNTOWN PHOENIX LLC; COWORKRS LLC DBA BOND COLLECTIVE; COWORKRS 23RD STREET LLC; COWORKRS 55 BROADWAY LLC; COWORKRS 60 BROAD STREET LLC; COWORKRS 3RD STREET LLC; J. DOE(S) 1-10 (FICTICIOUS NAMES REPRESENTING UNKOWN INDIVIDUALS); and XYZ CORP(S) 1-10 (FICTICIOUS NAMES REPRESENTING UNKOWN CORPORATIONS) | |
| Defendants. | |

Plaintiff, Illinois Union Insurance Company, by and through its undersigned attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its Complaint in the above-entitled action against Defendants, Baruch Singer, Bond Downtown Phoenix LLC, CoWorkrs LLC dba Bond Collective, CoWorkrs 23rd Street LLC, CoWorkrs 55 Broadway LLC, CoWorkrs 60 Broad Street LLC, CoWorkrs 3rd Street LLC, John Doe(s) 1-10 and XYZ Corp(s) 1-10, alleges the following:

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      This Court has personal jurisdiction over the Defendants pursuant to, among other things, provisions recited in the below-referenced "Indemnity Agreement," which provides, among other things, that said "Indemnity Agreement" is deemed made in the State of New York, that all actions arising directly or indirectly from said "Indemnity Agreement" shall be litigated only in courts having status within the State of New York and that the Defendants consent to the personal jurisdiction of the federal courts located in the State of New York.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the below-referenced "Indemnity Agreement" provides, among other things, that said "Indemnity Agreement" is deemed made in the State of New York, that all actions arising directly or indirectly from said "Indemnity Agreement" shall be litigated only in courts having status within the State of New York and that the Defendants consent to the personal jurisdiction and venue of the federal courts located in the State of New York.

## THE PARTIES

4.      At all relevant times hereinafter mentioned, plaintiff, Illinois Union Insurance Company ("IUIC" or "SURETY"), organized and existing under the laws of the State of Illinois, with its principal place of business in Philadelphia, Pennsylvania, was and is a corporation authorized to transact, and does so transact, business in the State of New York.

5.      Upon information and belief, Baruch Singer ("Mr. Singer") is an individual residing at 500A Grand Street, New York, New York, 10002.

6.      Upon information and belief, Bond Downtown Phoenix LLC ("Downtown") is a limited liability company located at 201 E. Washington Street, Phoenix, Arizona 85004.

7.      Upon information and belief, CoWorkrs, LLC dba Bond Collective ("BC") is a limited liability company located at 55 Broadway, 4th Floor, New York, New York 10006.

8.      Upon information and belief, CoWorkrs 23rd Street LLC ("23rd") is a limited liability company located at 71-50 Parsons Boulevard, Suite 1001, Fresh Meadows, New York, 11365.

9.      Upon information and belief, CoWorkrs 55 Broadway LLC ("55") is a limited liability company located at 55 Broadway, Mezzanine, New York, New York, 10006.

10.     Upon information and belief, CoWorkrs 60 Broad Street LLC ("60") is a limited liability company located at 55 Broadway, Mezzanine, New York, New York, 10006.

11.     Upon information and belief, CoWorkrs 3rd Street ("3rd") is a limited liability company located at 55 Broadway, 3rd Floor, New York, New York, 10006.

12.     Mr. Singer, Downtown, BC, 23rd, 55, 60 and 3rd shall be collectively referred to hereinafter as the "Indemnitors."

## GENERAL ALLEGATIONS

I.      **The Indemnity Agreement**

13.     On or about May 1, 2019, in consideration of IUIC, as surety, executing surety bonds for, on behalf of or at the request of any of the Indemnitors, the Indemnitors executed a General Indemnity Agreement ("Indemnity Agreement") in favor of IUIC, as indemnitee.

14.     A true and accurate copy of the Indemnity Agreement is attached hereto as **Exhibit 1**.

15.     Pursuant to the Indemnity Agreement, the Indemnitors agreed that:

[the Indemnity Agreement] is made and entered by [the Indemnitors] for the benefit of [IUIC], their respective direct and indirect subsidiaries, parent companies, and affiliates, whether in existence now or formed or acquired hereafter, co-sureties, fronting companies, companies which any of them may procure to issue or deliver any Bonds for, on behalf of or at the request of any of the Indemnitors and reinsurers, and the successors and assigns of each of them . . . for the purpose of indemnifying [IUIC] from any and all loss, cost and expense in connection with any and all surety bonds, undertakings, guarantees and/or contractual obligations previously or hereafter executed, issued, procured, delivered or undertaken by [IUIC], whether directly or as a result of any asset purchase, merger, acquisition or similar transaction, including any renewals, modifications and/or extensions thereof, for, on behalf of or at the request of: any of the Indemnitors, whether individually or jointly with others; any current or hereafter created or acquired subsidiary, affiliate, joint venture and/or other legal entity in which any of the Indemnitors has a substantial, material or beneficial interest; and/or any other party at the request of any of the Indemnitors[.]

16.     Pursuant to Paragraph 2 of the Indemnity Agreement, the Indemnitors agreed, jointly and severally, to:

. . . indemnify and save harmless [IUIC] from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by [IUIC] in any action or proceeding between the Indemnitors and [IUIC], or between [IUIC] and any third party, which [IUIC] shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the Indemnitors are then liable to make such payment, and to place [IUIC] in funds to meet all of its liability under any Bond, promptly upon request and before [IUIC] may be required to make any payment thereunder; and copy of the claim, demand, voucher, or other evidence of the payment by [IUIC] of any liability, claim, demand, loss, damage, expense, cost, and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to [IUIC] under this Agreement. Any demand upon [IUIC] by the Obligee shall be sufficient to conclude that a liability exists and the Indemnitors shall then place [IUIC] with sufficient funds in a form and amount deemed acceptable in [IUIC's] sole discretion, as collateral security to cover the liability.

4

17.     Paragraph 1 of the Indemnity Agreement provides that:

> [t]he Indemnitors shall pay or cause to be paid to [IUIC] . . . upon written request by [IUIC] at any time, collateral security for its suretyship until the Indemnitors shall furnish to [IUIC] competent written evidence, satisfactory to [IUIC], of the termination of any past, present and future liability under any Bond.

## II.     The Lease Agreement and the Bond

18.     Upon information and belief, on or about May 20, 2019, Defendant, Downtown, as tenant, and non-party, Collier Center, PT, LLC ("Collier"), as landlord, entered into the Office Lease Agreement ("Lease Agreement").

19.     In connection with the Lease Agreement, on or about June 18, 2019, IUIC executed a surety bond bearing number K15777229 ("Bond"), on behalf of Downtown, as principal, in favor of Collier, and in the amount of $973,087.50.

20.     A true and accurate copy of the Bond, together with related documents (rider and continuation document) are attached hereto as **Exhibit 2**.

21.     On or about November 2019, Collier's rights and obligations under the Bond were assigned to and assumed by non-party, USPO Phoenix, LLC ("Obligee").  *See* Bond (Ex. 2), at *9.

## III.     IUIC's First Collateral Demand

22.     Pursuant to its rights under the Indemnity Agreement, by letter dated July 2, 2020 ("July Demand Letter"), IUIC demanded that the Indemnitors: pay to IUIC the total sum of $973,087.50, as collateral security in favor of IUIC ("First Collateral Demand"); and, indemnify and hold harmless IUIC in connection with IUIC's execution of the Bond.

23.     A true and accurate copy of IUIC's July Demand Letter to the Indemnitors is attached hereto as **Exhibit 3**.

24.     The Indemnitors have failed and/or refused to comply with the terms of the First Collateral Demand.

**IV.     The October Claim and the Initial Loss**

25.     By letter from counsel for the Obligee dated October 5, 2020, IUIC was advised that Downtown allegedly defaulted under the Lease Agreement, and made demand on IUIC to perform under the Bond by tendering payment of the full amount of the Bond ("October Claim").

26.     A true and accurate copy of the October Claim is attached hereto as **Exhibit 4**.

27.     In response to the October Claim and in partial satisfaction of its obligations under the Bond, IUIC paid to the Obligee the amount of $169,082.69 (the "Initial Loss").

**V.     The November Claim, the January Demand Letter and the Loss**

28.     By letter from counsel for the Obligee dated November 9, 2020, the Obligee reiterated its demand that IUIC pay the full amount of the Bond ("November Claim").

29.     A true and accurate copy of the November Claim is attached hereto as **Exhibit 5.**

30.     In connection with the Initial Loss and the November Claim, by letter dated January 11, 2021 ("January Demand Letter"), IUIC, consistent with the terms of the Indemnity Agreement: demanded that the Indemnitors, among other things, immediately indemnify IUIC for the Initial Loss plus certain expenses, including attorneys' fees, incurred by IUIC,; and, requested that the Indemnitors pay the sum of $750,000.00, as collateral security in favor of IUIC.

31.     A true and accurate copy of the January Demand Letter, sans exhibits thereto, is attached hereto as **Exhibit 6**.

32.     To date, the Indemnitors have failed and/or refused to comply with the January Demand Letter, in breach of their obligations under the Indemnity Agreement.

33.     In response to the November Claim, IUIC entered into a Final Release, Assignment and Settlement Agreement ("Settlement Agreement") with the Obligee pursuant to which, among other things, IUIC agreed to, and did, pay the Obligee the additional amount of $750,000.00 ("Second Loss").

34.     A true and accurate copy of the Settlement Agreement is attached hereto as **Exhibit 7**.

35.     The First Loss and the Second Loss shall be collectively referred to herein as the "Loss."

36.     To date, the Indemnitors have failed and/or refused to indemnify or otherwise reimburse IUIC in connection with the Loss.

37.     IUIC has incurred, and will continue to incur, costs and expenses, including attorneys' fees, in connection with, among other things, its execution of the Bond.

38.     To date, the Indemnitors have failed and/or refused to indemnify or otherwise reimburse IUIC in connection with the costs and expenses, including attorneys, incurred by IUIC.

39.     The Indemnitors failed and/or refused to comply with IUIC's requests for collateral.

## FIRST CAUSE OF ACTION
### (Contractual Indemnification as against all Indemnitors)

40.     IUIC repeats and re-alleges each and every allegation contained in Paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

41.     Paragraph 2 of the Indemnity Agreement provides, in relevant part, that the Indemnitors are obligated to, among other things:

7

indemnify and save harmless [IUIC] from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by [IUIC] in any action or proceeding between the Indemnitors and [IUIC], or between [IUIC] and any third party, which [IUIC] shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim.

42.     IUIC demanded that the Indemnitors honor their obligations under the Indemnity Agreement to, among other things, indemnify and hold IUIC harmless for any and all liability, loss, cost, damage, and expense incurred and to be incurred, including attorney's fees.

43.     Despite demand, the Indemnitors have failed and refused to honor their obligations under the Indemnity Agreement and have otherwise breached the Indemnity Agreement.

44.     The Indemnitors have failed and refused to indemnify and save harmless IUIC from and against the Loss.

45.     As a result of the Indemnitors' breach of the Indemnity Agreement, IUIC has incurred unreimbursed losses, costs and/or expenses, including the Loss and attorneys' fees, and IUIC will continue to incur losses, costs and/or expenses.

**WHEREFORE**, IUIC respectfully demands that judgment be entered in its favor and against the Indemnitors, jointly and severally:

(a) for contractual indemnification for all loss(es), cost(s) and expense(s), including attorneys' fees, incurred by IUIC as of the date hereof,  and any and all liability, loss(es), cost(s), expense(s) and attorneys' fees to be incurred by IUIC, together with appropriate interest thereon;

(b) for money damages in the amount of no less than $919,082.69, plus attorneys' fees, costs and interest;

(c)  for money damages for any and all unpaid premium(s);

(d)  for declaratory relief, declaring the Indemnitors jointly and severally liable to IUIC under the Indemnity Agreement for all loss(es), liability, cost(s) or expense(s), including attorneys' fees, which IUIC  has incurred and/or will incur;

(e)  for attorneys' fees and costs of suit; and,

(f)  for such other and further relief, legal or otherwise that this Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (Common Law Indemnification as against Downtown)

46.     IUIC repeats and re-alleges each and every allegation contained in Paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

47.     As between IUIC and Downtown, IUIC is secondarily obligated under the Bond, while Downtown is primarily obligated under the Bond, and Downtown otherwise owes a duty to IUIC to procure the discharge of all obligations arising under the Bond.

48.     IUIC has sustained damages by reason of Downtown's failure to honor its common law obligation under the Bond.

49.     As a result of Downtown' failure to honor its common law obligation under the Bond, IUIC has incurred unreimbursed losses in the amount of no less than $919,082.69.

**WHEREFORE**, IUIC respectfully demands that judgment be entered in its favor and against Downtown as follows:

(a)     for common law indemnification for all liability losses, costs, expenses, and/or attorneys' fees incurred by IUIC, and any and all liability, loss, cost, expense, and attorneys' fees to be incurred by IUIC, in connection with IUIC's issuance and/or execution of the Bond, together with appropriate interest thereon;

9

(b)      for money damages in the amount of no less than $919,082.69, plus attorneys'

fees, costs and/or interest;

(c)      for money damages in the amount of any unpaid premium(s);

(d)      for attorneys' fees and costs of suit; and,

(e)      awarding IUIC  such other and further relief as the court deems just, equitable and

proper.

### THIRD CAUSE OF ACTION
### (Subrogation as against Downtown)

50.      IUIC repeats and re-alleges each and every allegation contained in Paragraphs 1

through 38 with the same force and effect as if fully set forth herein.

51.      IUIC has made payments to the Obligee, to extinguish, in whole or in part,

Downtown's debt to the Obligee, relating to the Lease Agreement and the Bond.

52.      By reason of the foregoing, IUIC has become subrogated to the rights of the

Obligee in connection with the Lease Agreement and/or the Bond.

53.      As a result of Downtown's failure to honor its obligations under the Lease

Agreement and the Bond, IUIC has sustained damages and/or is likely to sustain additional

damages in the amount of no less than $919,082.69.

**WHEREFORE**, IUIC respectfully demands that judgment be entered in its favor and

against Downtown as follows:

(a)      for subrogation in an amount equal to any and all payments made by IUIC  in

connection with any bond issued by IUIC  to Downtown, including the Bonds;

(b)      for subrogation in an amount equal to the Loss;

(c)      for money damages in the amount of no less than $919,082.69, plus attorneys'

fees, costs and/or interest;

(d)      for attorneys' fees and costs of suit; and

(e)      for such other and further relief, legal or otherwise that this Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### (Breach of the Indemnity Agreement as against all Indemnitors)

54.      IUIC repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

55.      IUIC, as surety, executed the Bond on behalf of Downtown, as principal.

56.      The Indemnity Agreement provides that the Indemnitors are jointly and severally obligated to, among other things:

> . . . indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses . . ., which SURETY shall at any time incur by reason of its execution of any Bond . . . .

57.      IUIC has incurred unreimbursed losses, costs and/or expenses, including attorneys' fees, in connection with, among other things, IUIC's execution of the Bond.

58.      Under the Indemnity Agreement, the Indemnitors are jointly and severally obligated to:

> pay or cause to be paid to the SURETY, …, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITORS shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond.

59.      IUIC, in writing, requested collateral from the Indemnitors by way of, among other things, the First Collateral Demand.

60.     As of the date of the First Collateral Demand, IUIC was not in possession of competent written evidence, satisfactory to IUIC, of the termination of any past, present and future liability under the Bond.

61.     The Indemnitors failed and/or refused to comply with the First Collateral Demand.

62.     IUIC, in writing, requested collateral from the Indemnitors by way of, among other things, the January Demand Letter.

63.     As of the date of the January Demand Letter, IUIC was not in possession of competent written evidence, satisfactory to IUIC, of the termination of any past, present and future liability under the Bond.

64.     The Indemnitors have failed and/or refused to comply with the request for collateral set forth in the January Demand Letter.

65.     The Indemnitors have breached their joint and several obligation to pay or cause to be paid to IUIC collateral that was requested by IUIC.

66.     The Indemnitors have failed and/or refused to comply with IUIC's demand for indemnification as set forth in the January Demand Letter.

67.     The Indemnitors have breached their joint and several obligation to indemnify and save harmless IUIC from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses incurred by IUIC.

68.     As of the date hereof, the Indemnitors have failed and/or refused to indemnify IUIC for the Loss, in breach of their joint and several obligation under the Indemnity Agreement.

**WHEREFORE**, IUIC respectfully demands that judgment be entered in its favor and against the Indemnitors, jointly and severally:

(a) for contractual indemnification for all loss(es), cost(s) and expense(s), including attorneys' fees, incurred by IUIC as of the date hereof, and any and all liability, loss(es), cost(s), expense(s) and attorneys' fees to be incurred by IUIC, together with appropriate interest thereon;

(b) for money damages in the amount of no less than $919,082.69, plus attorneys' fees, costs and interest;

(c) for declaratory relief, declaring the Indemnitors jointly and severally liable to IUIC under the Indemnity Agreement for all loss(es), liability, cost(s) or expense(ss), including attorneys' fees, which IUIC has incurred and/or will incur;

(d) for money damages in the amount of any unpaid premium(s);

(e) for attorneys' fees and costs of suit; and

(f) for such other and further relief, legal or otherwise that this Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (Assignment as against Downtown, BC and John Doe(s) 1-10 and XYZ Corps. 1-10)

69.    IUIC repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

70.    Under the Settlement Agreement the Obligee assigned to IUIC certain rights and/or claims against Downtown, BC and, potentially, others ("Assignment"). *See* Ex. 7 at *7.

71.    IUIC is entitled to recovery under the Assignment.

**WHEREFORE**, IUIC respectfully demands that judgment be entered in its favor and against Downtown and BC:

(a) for damages in an amount equal to any and all payments made by IUIC to Obligee in connection with the Bond, together with appropriate interest thereon;

(b) for damages in an amount equal to any and all payments made by IUIC to Obligee in connection with the Lease Agreement, together with appropriate interest thereon;

(c) for money damages in the amount of no less than $919,082.69, plus attorneys' fees, costs and/or interest;

(d) for attorneys' fees and costs of suit; and,

(e) awarding IUIC such other and further relief as the court deems just, equitable and proper.

Date:   February 9, 2021
New York, New York

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
*Attorneys for Plaintiff*
*Illinois Union Insurance Company*

*/s/ Scott A. Levin*

Scott A. Levin, Esq.
Michael R. Morano, Esq. (*pro hac vice* admission to be sought)
225 Liberty Street, 36th Floor
New York, New York 10281
T. (212) 483-9490
F. (212) 483-9129