UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ILLINOIS UNION INSURANCE COMPANY,

                                Plaintiff,

                  -against-

BARUCH SINGER, ET AL.

                             Defendant.
----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION ON
ATTORNEYS' FEES**

**21-CV-1170 (JPC) (KHP)**

**TO:    HON. JOHN P. CRONAN, UNITED STATES DISTRICT JUDGE**
**FROM:  KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

In this action commenced to recover amounts due pursuant to an indemnification

agreement entered into by Plaintiff Illinois Union Insurance Company ("IUIC") and Defendants,

the Honorable John P. Cronan granted partial summary judgment in favor of IUIC on June 30,

2025. (ECF No. 157.)  In that order, the Court stated its intention to refer the undersigned to

determine "the appropriate amount of fees and expenses that IUIC incurred in connection with

its execution of the Bond," which it memorialized in an order of reference the same day. (ECF

Nos. 157, 158.)  For the reasons that follow, the Court respectfully recommends an award of

$422,849.50 in attorneys' fees and $1,900.57 in costs.

## BACKGROUND

The relevant factual background and procedural history of this case is set forth at length

in Judge Cronan's summary judgment order. (ECF No. 157, at 2-10.)  The Court reiterates only a

few facts pertinent to this inquest.  In June 2019, IUIC "executed a surety bond in the amount of

$973,087.50 on behalf of [Bond Downtown Phoenix LLC ("Downtown")], as principal, for the

1

benefit of [Collier Center, PT, LLC ("Collier")], as oblige, in connection with" the lease executed in May 2019 between Downtown, as tenant, and Collier, as landlord. (ECF No. 157, at 2-3.)

Around the same time the lease was executed, IUIC, Downtown, and several of Downtown's affiliates—including Coworkrs, LLC dba Bond Collective, CoWorkrs 23rd Street LLC, CoWorkrs 55 Broadway LLC, CoWorkrs 60 Broad Street LLC, CoWorkrs 3rd Street LLC, and Baruch Singer (together, the "Original Indemnitors")—entered into a General Agreement of Indemnity (the "Indemnity Agreement"). (*Id.* at 2.)  In September 2022, when this lawsuit was commenced, "Shlomo Silber executed a Joinder Agreement, which amended the Indemnity Agreement to add him as an indemnitor 'with the same force and effect as if Silber was originally named' as an indemnitor." (*Id.*)  Two defendants—CoWorkrs 55 Broadway LLC and CoWorkrs 3rd Street LLC—have been dismissed. (*Id.*; *see also* ECF No. 148.)  The remaining Original Indemnitors and Silber are together referred to as the "Indemnitors." (ECF No. 157, at 2.)

The Indemnity Agreement provided that

> [t]he [Original Indemnitors] shall indemnify and save harmless [IUIC] from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by [IUIC] in any action or proceeding between the [Original Indemnitors] and [IUIC], or between [IUIC] and any third party, which [IUIC] shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against [IUIC] as a joint or several obligor and whether the [Original Indemnitors] are then liable to make such payment, and to place [IUIC] in funds to meet all of its liability under any Bond, promptly upon request and before [IUIC] may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by [IUIC] of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of

2

the fact and amount of [the Original Indemnitors'] liability to [IUIC] under [the Indemnity Agreement]. Any demand upon [IUIC] by the Obligee shall be sufficient to conclude that a liability exists and the [Original Indemnitors] shall then place [IUIC] with sufficient funds in a form and amount deemed acceptable in [IUIC's] sole discretion, as collateral security to cover the liability.

(*Id.* at 3.)  The Indemnity Agreement is governed by New York law. (ECF No 151-4 ¶ 12.)

The law firm McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC") was retained around June 25, 2026. (ECF No. 162-2 ¶ 73.)  Michael R. Morano, Gary D. Bressler, and Jeffrey Bernstein, all partners at MDMC at the time this motion was filed, billed at a rate of $250.00 per hour for 504.2 hours total.[1] (*Id.* ¶¶ 75-77.)  Former partners Scott A. Levin and Michael C. Delaney billed $250 per hour for 17 hours total.[2] (*Id.* ¶¶ 78-79.)  Robert C. Seiger and Dennis O. Cowling, both of counsel at MDMC, billed at a rate of $240.00 per hour for 471.1 hours total.[3] (*Id.* ¶¶ 80-81.)  Associates Aram B. Movaseghi, Zachary Q. DeLeon, and Sara N. Torres billed at a rate of $210.00 per hour for a total of 845.3 hours.[4] (*Id.* ¶¶ 82-84.)  Finally, former paralegals Shaina E. Carney and Jason Brockman billed $75.00 per hour for a total of 26.3 hours. (*Id.* ¶ 85.)  Thus, they have billed $422,849.50 in attorneys' fees across a total of 1,863.9 claimed hours. Separately, the Court found $1,900.57 of "Disbursements" billed in the invoices. (*See* ECF No. 162-3.)

---

[1] Morano billed 361.5 hours, Bressler billed 134.4, and Bernstein billed 8.3, totaling 504.2 hours. (ECF No. 162-2 ¶¶ 75-78.)

[2] Levin billed 8.3 hours, while Delaney billed 8.7. (ECF No. 162-2 ¶¶ 78-79.)

[3] Seiger billed 265.1 hours, while Cowling billed 206 hours. (ECF No. 162-2 ¶¶ 80-81.)

[4] Movaseghi billed 678.6 hours, DeLeon billed 15.3 hours, and Torres billed 151.4 hours. (ECF No. 162-2 ¶¶ 82-84.)

At summary judgment, IUIC claimed total losses of $919,082.69, as well as $391,490.51 in unspecified expenses. (ECF No. 157, at 7, 19-21.)  The Court has already found that IUIC's direct loss figure of $919,082.69 was "well-supported," and deferred ruling on pre- and post-judgment interest. (*Id.* at 19, 21.)  IUIC now requests $427,145.51 in attorneys' fees and costs. (ECF No. 162-1, at 1.)

IUIC's motion for partial summary judgment was filed on December 31, 2024. (ECF No. 151.)  Judge Cronan granted the motion and referred the attorneys' fees component to the undersigned on June 30, 2025. (ECF Nos. 157-58.)  The decision granting the motion provided, in relevant part:

> IUIC, however, also requests an award of $391,490.51 in "expenses," which appears to represent the amount of attorneys' fees and expenses incurred by its counsel in connection with IUIC's execution of the Bond.  To that end, the Indemnity Agreement entitles IUIC to recover "any and all . . . expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by [IUIC] in any action or proceeding between [the Indemnitors] and IUIC" occurring by reason of IUIC's execution of the Bond.  Although this provision, on its face, states that IUIC may recover "any and all" attorneys' fees and expenses, courts applying New York law have generally interpreted similarly broad fee-shifting language to contain an implicit reasonableness limitation, even in the indemnification context.  And even when an indemnitor has failed to present sufficient evidence at summary judgment to rebut the surety's *prima facie* entitlement to indemnification, courts "often . . . leave issues regarding the reasonableness of expenses for a later evidentiary hearing" or other form of inquest.
>
> Given the lack of specific information regarding the propriety of the expenses being sought, the Court finds that approach prudent here.  In making its request for expenses, IUIC relies largely on the Wills Declaration, which provides a table of invoices received from IUIC's counsel, including the identification number, date, and amount of each invoice.  According to the Wills Declaration, those invoices reflect "costs and expenses, including attorneys' fees," incurred "[i]n connection with the matters

4

described herein, including this litigation." IUIC also relies on the Morano Declaration, which states that "IUIC, for the period of June 25, 2020, through and including October 31, 2024, has incurred costs and expenses, including attorneys' fees, in the amount of no less than $391,490.51." Those declarations, however, provide little by way of specificity regarding the nature of each invoice that would connect it to IUIC's execution of the Bond or the reasonableness of the amounts reflected in those invoices. For instance, IUIC has not provided descriptions of what services or expenses each invoice represents, how those expenses are connected to IUIC's execution of the Bond, timesheets identifying the attorneys who billed time for each invoice and specifying the number of hours spent on each task, or information as to each attorney's level of experience and hourly rate. Without such information, the Court cannot determine what, exactly, each invoice represents or whether the amount of each invoice is reasonable.

(ECF No. 157, at 19-21 (citations omitted).)

Like the partial summary judgment motion itself, the instant application for fees is unopposed.

**DISCUSSION**

### 1. Attorneys' Fees

In New York, indemnity agreements are enforced according to their terms. *See, e.g.*, *BIB Constr. Co., Inc. v. Fireman's Ins. Co. of Newark, NJ*, 625 N.Y.S.2d 550 (N.Y. App. Div. 1st Dep't 1995); *Int'l Fidelity Ins. Co. v. Spadafina*, 596 N.Y.S.2d 453 (N.Y. App. Div. 2d Dep't 1993). New York courts will award reasonable attorneys' fees to a prevailing party where a contract provides for such an award and the contractual language is sufficiently clear, including in indemnity agreements. *Loss Prevention Works, LLC v. March Networks, Inc.*, No. 10-cv-7616 (DLC), 2011 WL 5838445, at *4 (S.D.N.Y. Nov. 21, 2011); *see also Berkley Regional Ins. Co. v. Weir Bros., Inc.*, No. 13-cv-3227 (CM) (FM), 2013 WL 6020785, at *12-13 (S.D.N.Y. Nov. 6, 2013);

5

*Reid v. Telentos Constr. Corp.*, No. 15-cv-2358 (SJB), 2020 WL 6152494, at *8-9 (E.D.N.Y. Oct. 20, 2020). Nevertheless, courts applying New York law to fee shifting agreements still assess the reasonableness of the fees where an indemnification agreement provides for recovery of "any and all" attorneys' fees. *See Star Ins. Co. v. A&J Constr. Of N.Y., Inc.*, No. 15-cv-8798 (CS), 2017 WL 6568061, at *1, *7 (S.D.N.Y. Dec. 22, 2017); *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 278 (E.D.N.Y. 2008).

Attorneys' fee awards are typically determined using the lodestar approach, or "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). New York state courts apply the same method. *See Nager v. Teachers' Ret. Sys. of City of N.Y.*, 869 N.Y.S.2d 492, 493 (N.Y. App. Div. 1st Dep't 2008); *Podhorecki v. Lauer's Furniture Stores, Inc.*, 607 N.Y.S.2d 818, 819-20 (N.Y. App. Div. 4th Dep't 1994). "The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. In assessing whether an attorney's hourly rate is reasonable, courts may rely on their own knowledge of private firms' hourly rates. *See Gurung v. Malhotra*, 851 F. Supp. 2d 583, 596 (S.D.N.Y. 2012) (citing *Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund,* 831 F.2d 407, 409 (2d Cir. 1987)). And "[c]ourts assess the reasonableness of a proposed hourly rate by considering the prevailing market rate for lawyers in the district in which the ruling court sits." *Reisman v. Northeastern Power and Gas LLC*, 720 F. Supp. 3d 279, 292 (S.D.N.Y. 2024).

6

In assessing whether the number of hours billed by the attorney is reasonable, courts consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  Plaintiff bears the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010); s*ee also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).

District courts exercise "considerable discretion" in awarding attorneys' fees. *See D.B. ex rel. S.B. v. N.Y.C. Dep't of Educ.*, 18-cv-7898 (AT) (KHP), No. 18-cv-7898 (AT) (KHP), 2019 WL 6831506, at *1 (S.D.N.Y. Apr. 22, 2019) (cleaned up), *report and recommendation adopted*, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *McDaniel v. County of Schenectady*, 595 F.3d 411, 414, 416 (2d Cir. 2010); *Arbor Hill*, 522 F.3d at 190.  However, when awarding attorneys' fees, the court must also "clearly and concisely state reasons supporting the award." *Tackie v. Keff Enters. LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (awarding attorneys' fees under FLSA and NYLL) (citing *Hensley*, 461 U.S. at 437; *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014)).

In accordance with the order granting partial summary judgment, this Court's referral is constrained to the reasonableness of the attorneys' fees and expenses claimed.  Importantly, the Indemnification Agreement provides for the recovery of "any and all . . . attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by [IUIC] in *any action or proceeding* between the Indemnitors and [IUIC] or between [IUIC] and any third

7

party, which [IUIC] shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim." (ECF No. 151-4 ¶ 2 (emphasis added).)  This language is broad and would include fees incurred to seek enforcement of *any* judgment or settlement agreement or otherwise recover amounts due.

The proposed rates for the attorneys who worked on this matter are well within the range of reasonableness granted by courts in this District for work on contract and commercial litigation matters.  Indeed, none of the lawyers, even the partners, seek more than $250 an hour.  The associates were billed at $210 per hour.  The paralegals were billed at $75 per hour. *See, e.g.*, *Thor 725 8th Avenue LLC v. Goonetilleke*, No. 14-cv-4968 (PAE), 2015 WL 8784211, at *11 (S.D.N.Y. Dec. 15, 2015) (approving rates in 2015 of $450 & $375 for highly experienced lawyers, $275 per hour for experienced associates, and $150 per hour for paralegals in a case involving the breach of a guaranty with an indemnity provision); *Byline Bank v. SDS Dining Corp.*, No. 22-cv-6439 (JGK) (GWG), 2024 WL 1422812, at *8 (S.D.N.Y. Apr. 3, 2024) (finding partner hourly rate of $350, "at the lowest end of rates typically award[ed] to partners in breach of contract cases," to be reasonable); *Euro Pacific Cap., Inc. v. Bohai Pharmaceuticals Grp., Inc.*, No. 15-cv-4410 (VM) (JLC), 2018 WL 1229842, at *8 (S.D.N.Y. Mar. 9, 2018) (finding hourly rate of $375 for counsel reasonable); *Carlton Group, Ltd. v. Par-La-Ville Hotel & Residences Ltd.*, No. 14-cv- 10139 (ALC), 2016 WL 3659922, at *3-4 (S.D.N.Y. June 30, 2016) (collecting cases finding $450 to be reasonable hourly rate for experienced partners and senior attorneys); *Tabatznik v. Turner*, No. 14-cv-8135 (JFK), 2016 WL 1267792, at *11–12 (S.D.N.Y. Mar. 30, 2016) (reducing to $650 partner's hourly rate in contested action to enforce promissory note); *K2M Design, Inc. v. Schmidt*, No. 22-cv-3069 (MKV) (GS), 2023 WL 10674525,

at *12 (S.D.N.Y. Nov. 30, 2023) (finding paralegal rates of $150 to $200 to be reasonable), *report and recommendation adopted*, 2024 WL 1208910 (S.D.N.Y. Mar. 21, 2024); *Bisnow LLC v. Lopez-Pierre*, No. 20-cv-3441 (PAE) (SLC), 2022 WL 17540573, at *23 (S.D.N.Y. Nov. 2, 2022) (finding hourly rate of $100 to be reasonable for paralegal), *report and recommendation adopted*, 2022 WL 17540349 (S.D.N.Y. Dec. 5, 2022).  Therefore, the rates are reasonable.

IUIC's counsel has provided contemporaneous time records reflecting attorney time spent on the five-year odyssey to recover amounts due.  The invoices reflect time billed and invoiced from July 2020 through July 2025.  They reflect a wide variety of work including analysis of lease and bond agreements at issue, assisting with the collateral security demands and claims made on the bond and indemnitors, work associated with litigating in state court, federal court and bankruptcy court, negotiation of settlements with debtor-indemnitors, and extensive efforts to secure compliance with settlement, and payment of amounts due under the settlement.  While nearly 2,000 hours—specifically 1,863.9 claimed hours, consisting of 521.2 partner hours, 471.1 of counsel hours, 845.3 associate hours, and 26.3 paralegal hours— were spent on this matter, the work stretched over five years and related to proceedings in multiple venues.  Having reviewed the invoices, the time spent is within the range of reasonableness for the wide-ranging legal work required for IUIC relating actions and proceedings arising out of the execution of the bonds and liability for payments associated with the bonds. *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 477 (S.D.N.Y. 1989) (noting records need not specify exact number of minutes nor precise activity to which each hour was devoted), *aff'd*, 887 F.2d 408 (2d Cir. 1989); *De La Paz v. Rubin & Rothman, LLC*, No. 11-cv-9625 (ER), 2013 WL 6184425, at *13 (S.D.N.Y. Nov. 25, 2013) (cleaned up) (noting the

9

"critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures").

Notwithstanding the above, upon review of the documentation, it appears that there is a mathematical error, as there is a discrepancy between the claimed hours and rates on one hand and the amount requested on the other.  The Court calculates the amount of attorneys' fees due at **$422,849.50**.

Plaintiff also seeks recovery of its costs.  "An award of costs 'normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" *Fisher*, 948 F.3d at 600 (quoting *Reichman Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)); *see also Perez Garcia v. Hirakegoma Inc.*, No. 17-cv-7608 (SLC), 2020 WL 1130765, at *13 (S.D.N.Y. March 9, 2020).  However, IUIC fails to support its request for costs with reference to the invoices.  In performing its own analysis, the Court found $1,900.57 of "Disbursements" billed to IUIC related to copying expenses, a filing fee, and process server fees. These are the types of costs generally recoverable and the invoices with detail are sufficient documentation of same. *See Raymond James & Assoc. v. Vanguard Funding, LLC*, No. 17-cv-3327 (VSB) (SDA), 2018 WL 8758763, at *6 (S.D.N.Y. Apr. 16, 2018) (awarding documented expenses for, *inter alia*, filing and service of process fees). Therefore, I recommend awarding costs in the amount of $1,900.57.

### 2.  Interest Calculation

Pursuant to the Court's instructions (ECF No. 161), IUIC includes a computation of interest on all losses under the Indemnification Agreement in its papers. (ECF No. 162-1, at 11-13.)  The Court notes that the scope of the referral is limited by the Summary Judgment order,

which states that the undersigned is "to consider the appropriate amount of fees and expenses that IUIC incurred in connection with its execution of the bond." The order then specifies that "IUIC shall present current interest figures within two weeks following the determination as to the reasonableness of its requested fees and expenses." (ECF No. 157.) Accordingly, this Court does not address the interest arguments raised in the papers as they are not in the scope of the referral.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court award $422,849.50 in attorneys' fees and $1,900.57 in costs to Plaintiff, totaling **$424,750.07**.

Dated: January 23, 2026
        New York, New York

Respectfully submitted,

_Katharine H Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge

## NOTICE

**Plaintiff shall have fourteen days and Defendants shall have fourteen days from this date to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) to this Report and Recommendation. If Defendants file written objections to this Report and Recommendation, Plaintiff may respond to the objections within fourteen days after being served with a copy. Fed. R. Civ. P.72(b)(2). If Plaintiff files written objections, Defendants may respond to the objections within fourteen days.**

**Objections and responses to objections shall be filed with the Clerk of Court, with courtesy copies delivered to the Hon. John P. Cronan at 500 Pearl Street, New York, NY 10007-1312, to the chambers of the undersigned magistrate judge, and to any opposing**

11

parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any request for an extension of time to file objections must be directed to Judge Cronan.  Failure to file timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).