UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                             :

ILLINOIS UNION INSURANCE COMPANY,     :

                             :

              Plaintiff,        :           21 Civ. 1170 (JPC) (KHP)

                             :

      -v-                      :           <u>ORDER ADOPTING</u>

                             :            <u>REPORT AND</u>

BARUCH SINGER, *et al.*,            :     <u>RECOMMENDATION</u>

                             :

             Defendants.     :

                             :

-------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

On August 28, 2025, Plaintiff Illinois Union Insurance Company filed an Unopposed Motion for Attorneys' Fees and Interest Calculations.  Dkt. 162.  On January 23, 2026, the Honorable Katharine H. Parker, to whom this case has been referred for a damages inquest that relates to Plaintiff's claim for attorneys' fees and costs, issued a Report and Recommendation, recommending that the Court grant Plaintiff an award of $422,849.50 in attorneys' fees and $1,900.57 in costs.  Dkt. 163 ("R&R") at 1, 11.  Judge Parker declined to "address the interest arguments raised in the papers as they are not in the scope of [her] referral."  *Id.* at 11.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the district court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised that the parties "shall have fourteen days" from the date of the Report and Recommendation "to file written objections," and warned that failure to timely file such objections would "result in waiver of those objections for purposes of appeal." R&R at 11-12.  No objections have been filed and the time for making any objections has passed.

Notwithstanding the absence of objections, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well-reasoned and its conclusions well-founded. Accordingly, the Court adopts the Report and Recommendation in its entirety and awards Plaintiff $422,849.50 in attorneys' fees and $1,900.57 in costs.  Consistent with this Court's June 30, 2025 Opinion and Order on Plaintiff's motion for summary judgment, Plaintiff "shall present current interest figures within two weeks" of this Order.  *Ill. Union Ins. Co. v. Singer*, No. 21 Civ. 1170 (JPC) (KHP), 2025 WL 1795346, at *11 (S.D.N.Y. June 30, 2025).  Plaintiff should also present the total figure sought in the final judgment, broken down explicitly between 1) liability for losses, 2) the attorneys' fees and costs just awarded, and 3) interest.  The Clerk of Court is respectfully directed to close Docket Number 162.

SO ORDERED.

Dated: February 10, 2026
      New York, New York

                                     JOHN P. CRONAN
                              United States District Judge